# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6005 | **DATE** | September 2, 2008 |
| **CASE TITLE** | US vs. Vicki Murph-Jackson  (02 CR 635-4) | | |

**DOCKET ENTRY TEXT**

Vick Murph-Jackson's § 2255 motion is granted. The sentence imposed in 02 CR 635 as to Murph-Jackson is hereby vacated. The parties are directed to appear for status on 9/17/2008 at 9:30 a.m. to schedule a resentencing hearing. The effect of this order is stayed pending the outcome of the resentencing.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

This matter comes before the court on the motion of Vicki Murph-Jackson to correct, set aside, or vacate her sentence pursuant to 28 U.S.C. § 2255. Murph-Jackson was charged in 2002 with multiple narcotics offenses in connection with her involvement in a drug organization headed by her co-defendant, Kevin Turner. A jury convicted her on three counts and acquitted on a fourth. She was sentenced to 262 months' imprisonment under the then-mandatory Sentencing Guidelines. At the sentencing hearing, the court commented that the length of the sentence was primarily determined by the weight of the drugs involved and stated "I did not set these numbers. Congress and the Sentencing Commission did. So, we have very little to deal with." Ex. 13 at 16, ll. 1-3. Earlier in the same hearing, the statement was made that "I do not have a free hand...[in] Vicki's case. I have virtually no hand at all, if you want to know the truth." Ex. 14 at 16, ll. 17-20.

While the appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), which rendered the Guidelines advisory. On appeal, her conviction was affirmed. The Seventh Circuit ordered a limited remand as directed in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). After the remand, we set a briefing schedule to allow the parties to weigh in on the *Paladino* issues. Neither party filed any submission. Murph-Jackson's sentence returned to the Seventh Circuit unchanged; it was thereafter affirmed.

Murph-Jackson did not seek certiorari from the Supreme Court, and within a year after her conviction became final, she filed this motion to correct, set aside, or vacate her sentence pursuant to 28 U.S.C. § 2255.

Section 2255 permits a prisoner to request that a sentence previously imposed be vacated, set aside, or corrected on the grounds that it was imposed in violation of the Constitution or laws of the United States. Murph-Jackson asserts a defect in her criminal proceedings of a constitutional nature. She contends that her attorney provided her with ineffective assistance of counsel at trial, sentencing, on appeal, and in the context of the *Paladino* remand, thus violating her Sixth Amendment rights.

| ORDER |
|---|

Claims of ineffective assistance of counsel are most appropriately raised in the context of a § 2255 motion rather than on direct appeal, as these types of claims often require examination of matters extrinsic to the original proceedings. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003). To advance a successful claim of ineffective assistance of counsel, a defendant must satisfy the two factors identified in both prongs of the "cause and prejudice" test of *Strickland v. Washington*. 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984). To satisfy the cause prong, a defendant must identify acts or omissions by counsel that fell below the threshold of acceptable professional conduct. *See id.* at 690, 104 S. Ct. at 2066. If the defendant can demonstrate that counsel did not exercise reasonable professional judgment or render adequate assistance, the court must consider whether there is a reasonable probability that the errors so negatively impacted the defendant that they can be characterized as prejudice. *See id.* at 694, 104 S. Ct. at 2068.

Murph-Jackson's submission presents several points that lead us to conclude that the representation she received fell below the threshold of acceptable professional conduct. The materials include affidavits from the attorneys who represented her co-defendants; each states that the professional minimum was not satisfied by Murph-Jackson's attorney's actions. Accordingly, the cause prong of the *Strickland* test is satisfied in this instance.

With regard to the prejudice prong, however, we are unconvinced that the errors made at trial or on appeal were to blame for Murph-Jackson's conviction on the three counts for which the jury returned a verdict of guilt. The evidence presented in the trial was substantial, and there is no reasonable likelihood that the outcome of the trial would have been different if Murph-Jackson had been provided with more effective representation either at trial or with respect to appellate proceedings reviewing the convictions.

On the issue of sentencing, however, the negative impact of her attorney's failure to take any action in the context of the *Paladino* remand is so significant that it constitutes prejudice under *Strickland*. Murph-Jackson's attorney did not provide this court with any argument that the numbers set by the Sentencing Commission that had prevented the court from weighing all considerations set out by 18 U.S.C. § 3553(a) should not continue to control. In her § 2255 motion, Murph-Jackson has identified numerous points bearing upon § 3553(a) factors that could have been presented in a *Paladino* context. There can be no doubt of the negative impact on Murph-Jackson of missing the opportunity to present these arguments to this court by virtue of her attorney's failure to act. Accordingly, the § 2255 motion is granted. The sentence imposed in 02 CR 635 as to Murph-Jackson is hereby vacated. The parties are directed to appear for status on 9/17/2008 at 9:30 a.m. to schedule a resentencing hearing. The effect of this order is stayed pending the outcome of the resentencing.

Dated: **September 2, 2008**

*/s/ Charles P. Kocoras*

**CHARLES P. KOCORAS**
**U.S. District Court Judge**